IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNIE L. DIRDEN, JR.,
    Petitioner,

vs.                                           Case No.: 3:15cv412/RV/EMT

JULIE L. JONES,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a fourth amended petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (ECF No. 24). Respondent filed a "Motion to Dismiss or Deny Based on Frivolous Nature of Claim," with relevant portions of the state court record (ECF No. 41). Petitioner filed a motion to amend and a proposed fifth amended petition (ECF Nos. 43, 44). Petitioner also filed a response to Respondent's motion to dismiss (ECF No. 45).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the

opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.     BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 41).[1] Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2013-CF-5456, with one count of failure to comply with the registration requirements of Florida's sexual offender statute, specifically, the requirement that he report in person each year during the month of his birthday, and during the sixth month following his birth month, to the sheriff's office in the county in which he resides, or is otherwise located, to re-register, pursuant to Florida Statutes § 943.0435(14) (Ex. A at 1). Petitioner and the State entered a written plea agreement, pursuant to which they agreed that Petitioner would enter a plea of nolo contendere to the charge and receive a sentence of two years of probation, with the possibility of termination after one year if he satisfied all conditions (*id.* at 9–13). On March 13, 2014, the trial court accepted the plea and

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's dispositive motion (ECF No. 41). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.: 3:15cv412/RV/EMT

sentenced Petitioner in accordance with the plea agreement (*id.* at 20–29). Petitioner did not appeal the judgment.

On March 5, 2015, Petitioner was charged with violating his probation ("VOP") (Ex. A at 30–32).[2] Following a hearing on May 18, 2015, the trial court found Petitioner guilty of the violation and revoked his probation (*id.* at 88–165). The court sentenced Petitioner to forty-eight months in prison, with credit for 37 days (Ex. B at 190–96). Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D15-2593 (Ex. B at 197). While the appeal was pending, Petitioner, through counsel, filed a motion to correct illegal sentence, pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure (Ex. C at 204–07). The trial court determined that an error occurred in the calculation of Petitioner's sentencing scoresheet, and granted resentencing (*id.* at 208–09). Petitioner was resentenced on September 2, 2015, to the same sentence, i.e., four years in prison with credit for 37 days (Ex. C at 230–34, Ex. D). Petitioner's counsel filed an initial brief in the direct appeal, asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court, pursuant to Anders v. California, 386 U.S. 738 (1967) (Ex. E). Counsel also filed a motion to

---

[2] Petitioner was charged with violating condition (5), which required him to live without violating any law (*see* Ex. A at 26, 30–33). The violation report alleged that on March 1, 2015, Petitioner was arrested for driving with a suspended license (*id.* at 30–32).

allow Petitioner to file a pro se brief (Ex. F). The First DCA granted counsel's motion and set a deadline of thirty days from November 9, 2015, for Petitioner to file a pro se initial brief (Ex. G). Petitioner did not file an initial brief. The First DCA affirmed the judgment of conviction and sentence per curiam without written opinion on February 17, 2016 (Ex. H). Petitioner filed a motion for rehearing on March 3, 2016 (Ex. I). The First DCA denied the motion on April 1, 2016 (Ex. J). The mandate issued April 19, 2016 (Ex. K). Dirden v. State, 187 So. 3d 1237 (Fla. 1st DCA 2016) (Table).

Petitioner filed the instant federal habeas action on September 15, 2015 (*see* ECF No. 1 at 10)

II.     ANALYSIS

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.

A.     Claims Presented in Fourth Amended Petition

Petitioner presents the following twelve claims and supporting facts in his fourth amended habeas petition (which are repeated verbatim):

<u>Ground One</u>: "The State of Florida is in dishonor, denial of due process in law; refused to respond in Affidavit of Fact; the State claims to be the injured party, and acting under color of authority, but forcing statutes upon a Natural Person that is not law, but policy and unconstitutional. The Natural Person rights are secured by the Constitution. Nor respond to void judgment or non-negotiable rebuttal."

<u>Ground Two</u>: "Judge Frank Bell is in dishonor, denial of due process in law; no response to Affidavit of Facts or void judgment or non-negotiable rebuttal of sentencing acting under color of state (authority) law, forcing statutes as law upon a Natural Person which rights are secured by the Constitution, statutes not law."

<u>Ground Three</u>: "The State of Florida attorney Anne M. Patterson is in dishonor, denial of due process in law; failed or refused to response to Affidavit of Fact(s); shown fraud evidence for a conviction, failed to show a injured party (proof of claim) (misconduct) acting under color of authority, deprive of liberty, due process which is secured by the Constitution (forced statutes)."

<u>Ground Four</u>: "Judge Michael Jones failed to hold hearing for warrant he issue [sic], in dishonor, denial of due process of law; failed to respond to Affidavit of Fact, acting under color of authority (fraud warrant) deprive of liberty which is secured by the Constitution."

<u>Ground Five</u>: "Florida Department of Law Enforcement is in dishonor, denial of due process in law, no response to Affidavit of Facts, acting under color of authority (state law), has forced obligation(s) upon a Natural Person (Register), under state statutes, when state statutes are not law but policy, and are unconstitutional, when my rights cannot be deprived, liberty, due process, that is secured by the Constitution."

<u>Ground Six</u>: "Officer Galloway G. Unit 220 of the Pensacola Police Department is in dishonor, denial of due process in law, also violation of

Case No.: 3:15cv412/RV/EMT

common law copyright, acting under color of authority by placing Natural Person in detention (false imprisonment) without an warrant [sic] nor respond to Affidavit of Facts, this acted [sic] violated the Natural Person rights depriving him of liberty and due process, which is secured by the Constitution."

Ground Seven:  "Officer Doris E. Crew(s) of Florida Department of Corrections, in is dishonor, denial of due process in law, no response to Affidavit of Fact, fraud affidavit, non injured party, acting under color of authority state law, when policy/statutes are not law and are unconstitutional, when my rights cannot be deprived, liberty, due process which is secured by Constitution."

Ground Eight:  "David Morgan, the Escambia County Sheriff, and his deputies, is [sic] in dishonor, denial of due process in law, acting under color of authority for the State of Florida (false imprisonment) no injured party, violation of common law copyright, forced policy/statutes upon a natural person, policy/statutes not law and are unconstitutional, when my rights cannot be deprived, liberty, due process, which is secured by the Constitution.  Nevertheless failed to respond attachment [sic]."

Ground Nine:  "Florida Department of Correctional [sic] Secretary Julie L. Jones is in dishonor, denial of due process in law with all officers, agencies, and employees, and warden, and official principals of each institute(s) (see memorandum in law) and to come (now and then) acting under color of authority state law, policy, rules, and statutes that is not law, but its corporation rules, policy and statutes that is unconstitutional, when my rights cannot be deprived, liberty, due process, which is secured by the Constitution, nevertheless, failed to respond to Attachment."

Ground Ten:  "Attorney Joel Arnold bar 0104159 is in dishonor, denial of due process in law, acting under color of authority without the consent of owner, violating common law copyright, depriving the Natural Person

of due process in law which is secured by the Constitution (fraud) (misconduct)."

Ground Eleven: "Public defender Tom McGuire III is in dishonor, denial of due process, acting under color of authority (misconduct) no proof of authority to file an appeal in the Petitioner behalf [sic] without consent of the Natural Person, deprived due process that is secured by the Constitution. Attachment is public record and is my law, Tom McGuire III has violated those laws and common law copyright."

Ground Twelve: "The GEO Group Inc., founder George C. Zoley, is violating the liberty of a Natural Person, with forced obligation of its policy, rules, codes and statutes that are not law(s) but it corporation/institute law [sic], when my rights are secured by the Constitution (Law of the Land). The GEO Group is illegal holding [sic] the Petitioner/Johnnie Lee Dirden Junior without proof of authority (no crime has been committed) under color of authority state law in support. See memorandum of law as well as attachment."

(ECF No. 24 at 5–13). Petitioner filed seventy-eight pages of attachments to his fourth amended petition, which include the following: State of Florida Uniform Commercial Code ("UCC") Financing Statement forms, Notices of Dishonor and Demand for Disclosure for Denial of Due Process in Law, a copy of the charging document for the original charge of failure to follow the requirements of Florida's sexual offender registration statute, a copy of the plea agreement, a Certificate of Non-Response, a Non-Negotiable Rebuttal of Sentencing, an "Asservation and Declaration of Status," an "Asservation and Declaration of Truth," a Common Law Copyright Notice, a Notice of Special Appearance, a Void Judgment, copies of the docket sheet

and several documents filed in Petitioner's state criminal case marked with Petitioner's handwritten notation "Absolutely Accept for Value Exempt from Levy by Johnnie L. Dirden Jr. Invoice 7010 3090 0002 4660 1189 Violation Common Law Copyright per use 1,500,000.00 No Delegation of Authority 10000.00" or a slight variation of that notation, and a copy of Petitioner's Driver Record from the Florida Department of Highway Safety and Motor Vehicles (ECF No. 24, attachments).

Respondent contends the fourth amended petition is subject to dismissal or denial as frivolous, because Petitioner's claims bear the hallmarks of the "sovereign citizen" movement, whose adherents purport to believe that the government is operating outside of its jurisdiction, and generally do not recognize federal, state, or local law, policies, or governmental regulations (*see* ECF No. 41). Respondent contends that other federal district courts have summarily rejected such arguments asserted in habeas petitions, and this court should do the same (*id.* at 8–11).

In Petitioner's opposition to Respondent's motion, Petitioner argues that the state court lacked jurisdiction to convict and sentence him based upon the principles of the "sovereign citizen" movement described in Respondent's motion (*see* ECF No. 45).

Upon review of Petitioner's claims, it is apparent that they are quite similar to those asserted by followers of the sovereign citizen movement. Sovereign citizens

"believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." Gravatt v. United States, 100 Fed. Cl. 279, 282 (2011) (citations omitted); *see also* United States v. Brown, 669 F.3d 10, 19 n.12 (1st Cir. 2012) (noting that sovereign citizens "believe they are not subject to federal or state statutes or proceedings, reject most forms of taxation as illegitimate, and place special significance in commercial law").

To the extent that Petitioner's claims may be interpreted as claims cognizable in federal habeas, the court construes them as raising federal due process violations based on the Florida circuit court's alleged lack of jurisdiction over Petitioner. *See* Rejuney v. Chesapeake Circuit Court, No. 3:16cv194-HEH, 2016 WL 5402217, at *3 (E.D. Va. Sept. 26, 2016) (construing sovereign citizen inmate's habeas claims as due process challenges); Heaggins v. Joyner, No. 1:15cv281–FDW, 2016 WL 110599, at *2 (W.D.N.C. Jan. 8, 2016) (same). In Florida, all circuit courts have exclusive original jurisdiction "[o]f all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged." Fla. Const. Art. V § 20(c)(3); Fla. Stat. § 26.012(2)(d). Under Florida law, any individual who is convicted of failing to comply with the requirements of the sexual offender registration statute, Fla. Stat. § 943.0435, is guilty of a third degree felony. *See* Fla. Stat. § 943.0435(9)(a).

Because Petitioner was charged with failing to comply with sexual offender registration requirement set forth in § 943.0435(14)(a), which is a felony, the Florida circuit court properly exercised jurisdiction over both the underlying offense and Petitioner's probation violation.

"Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily however they are presented." United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); *see* United States v. White, 480 F. App'x 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions . . . ."); Akbar v. Clarke, No. 1:15cv338, 2016 WL 4150456, at *7 (E.D. Va. Aug. 1, 2016) (citations omitted) (noting that sovereign citizen claims are "wholly frivolous"); Gaskins v. South Carolina, No. 2:15cv2589-DCN, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015) (rejecting as baseless prisoner's claim, based upon "sovereign citizen" theory, that the state court lacked jurisdiction over her and that her state conviction was therefore void); United States v. Alexio, Nos. CR 13-01017-JMS, 13-01018-JMS, 2015 WL 4069160, at *2–4 (D. Haw. July 2, 2015) (rejecting defendant's pleadings, filed in criminal case, seeking dismissal of charges based upon "sovereign citizen" theory);

Berman v. Stephens, No. 4:14–cv–860–A, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (citing cases to reject petitioner's "reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts").

Petitioner's claims that the Florida circuit court lacked jurisdiction over his underlying conviction and probation violation are simply frivolous. Because Petitioner has not demonstrated a federal due process violation or any other cognizable claim for relief, his claims should be dismissed.

B. Petitioner's Motion to Amend and Proposed Fifth Amended Petition

After Respondent filed its dispositive motion, Petitioner filed a motion to amend his fourth amended petition to add Ground Thirteen (*see* ECF No. 43). Petitioner set forth Ground Thirteen in his proposed fifth amended petition:

> Ground Thirteen: "The DCA First District barred on appeal level. Forced unauthorized Public Defender's act within appeal without common law consent. A service of process was mailed for purpose of independent appeal was not review [sic] but was barred and mooted. A service of process was mailed, demanded and requested rehearing denial without cause and affirm judgment and sentence without opinion, deprived of due process of right to know proof of authority to act within appeal without common law consent. Right to be one's own counsel. Forced liability of the Public Defender's filing upon me. Force obligation [sic]."

(ECF No. 44 at 14).

Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part:

> **(a) Amendments Before Trial.**
>
> > **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
> >
> > > **(A)** 21 days after serving it, or
> > >
> > > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> >
> > **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Rule 15 applies to habeas proceedings brought under § 2254. *See* Mayle v. Felix, 545 U.S. 644, 655, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

In the instant case, Petitioner already availed himself of the opportunity to amend his petition once as a matter of course; indeed, he has amended his petition four times (*see* ECF Nos. 5, 7, 12, 24). Therefore, he may amend only with the court's leave.

In Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), the Supreme Court set forth the standard for this court's grant or denial of a party's motion to amend:

Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. at 182. The Eleventh Circuit adheres to this standard in habeas cases. *See* Moore v. Balkcom, 716 F.2d 1511, 1526–27 (11th Cir. 1983).

Here, it is apparent that amendment of the petition to add Ground Thirteen would be futile, because the claim is without merit. Petitioner appears to complain that the First DCA "forced" an attorney on him without his consent, thus depriving him of the right to self-representation on direct appeal. The state court record demonstrates, however, that the First DCA afforded Petitioner an opportunity to file a pro se initial brief, thus permitting him to represent himself on direct appeal (*see* ECF No. 41, Ex. G). Petitioner did not file a pro se brief, and instead waited until after the First DCA issued its decision to file a pleading on his own behalf (*see* Exs.

H, I). Petitioner's contention that the First DCA denied him the right to represent himself is thus without merit, and amendment of the § 2254 petition to add this claim would be futile. Therefore, the undersigned will recommend that Petitioner's motion to amend be denied.

III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's "Motion to Dismiss or Deny Based on Frivolous Nature of Claim" (ECF No. 41) be **GRANTED**.

2. That the fourth amended habeas petition (ECF No. 24) be **DENIED**.

3. That Petitioner's motion to amend (ECF No. 43) be **DENIED as futile**, and the proposed fifth amended petition (ECF No. 44) **SHALL NOT TAKE EFFECT**.

4. That a certificate of appealability be **DENIED**.

5. That the clerk of court be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 21<u>st</u> day of October 2016.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**